**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| VANGUARD NATIONAL TRAILER CORPORATION, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Cause No. 2:24-cv-444 |
| KALVINDER SINGH, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiffs, Vanguard National Trailer Corporation and CIMC Reefer Trailer Inc., have moved to voluntarily dismiss defendant Kalvinder Singh from this suit without prejudice. [DE 60.] Plaintiffs state that they reached out to Singh's counsel to ask if they would consent to the voluntary dismissal, but they never heard back. [DE 60, 2.] Because this motion comes after summary judgment and is not signed by neither defendant Kalvinder Singh nor defendant Sukhvinder Singh, this motion is governed by Rule 41(a)(2). Neither Kalvinder Singh nor Sukhvinder Singh, has responded to the motion.

A district court has the discretion to allow a plaintiff to voluntarily dismiss a case without prejudice under Rule 41(a)(2). *Moore v. Lear Corp.*, 2023 WL 6993854, at *1 (N.D. Ind. Oct. 23, 2023). Rule 41(a)(2) provides that "an action be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In determining whether voluntary dismissal under Rule 41(a)(2) is appropriate, the court looks to whether the defendant would suffer "plain legal prejudice." *Wojtas v. Cap. Guardian Tr.*

*Co.*, 477 F.3d 924, 927 (7th Cir. 2007). The court considers these factors: "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Kunz v. DeFelice*, 538 F.3d 667, 677–78 (7th Cir. 2008) (internal quotation marks and citation omitted). "Rather than being mandatory, however, the factors are simply a guide for the trial court judge, with whom discretion ultimately rests, to consider." *Johnson v. Boilermakers Loc. #374*, 2017 WL 2778408, at *2 (N.D. Ind. June 27, 2017).

The reason for Plaintiffs' request is simple. Earlier this year, Kalvinder Singh filed a bankruptcy petition, which resulted in this litigation being stayed against him. [DE 58.] Subsequently, I granted summary judgment in favor of co-defendant Sukhvinder Singh. [DE 59.] Because the claims against Kalvinder Singh remain unresolved, the judgment in favor of Sukhvinder Singh is not final and cannot be appealed yet. Plaintiffs wish to get Kalvinder out of the case so that my summary judgment decision as to Kalvinder Singh can be rendered a final judgment and they can appeal it. [DE 60, 3.]

Plaintiffs filed a motion with the bankruptcy court handling Kalvinder Singh's bankruptcy asking the judge to lift the litigation stay on this case for the limited purpose of dismissing Kalvinder from this case without prejudice. The bankruptcy court granted that order. [DE 60-1.] Plaintiffs' counsel states that they reached out to

Defendants' counsel about agreeing to dismiss Kalvinder Singh from this suit, but that they never responded.

Voluntary dismissal of Kalvinder Singh is appropriate here because Kalvinder will suffer "no plain legal prejudice from the prospect of a second lawsuit." *Ogden v. Receivables Performance Mgmt., LLC*, 2019 WL 2474143, at *4 (N.D. Ind. June 11, 2019) (internal quotations omitted). As a preliminary point, it is generally on the defendant to show that plain legal prejudice would result from them being voluntarily dismissed from a suit. *Simons v. Fox*, 72 Fed. Appx. 402, 406 (7th Cir. 2018) ("A defendant can prevent such voluntary dismissal only by showing that 'plain legal prejudice' will result.") (citing *Wojtas*, 477 F.3d at 927). Here, despite the Court waiting a substantial period of time, Kalvinder Singh has not responded at all to Plaintiffs' motion.

Absent a response showing anything to the contrary, I find that there is no reason to believe that Kalvinder Singh has had notable expenses related to trial preparation in this case, given that the case was stayed for him months ago and there is no trial date. *See Ogden*, 2019 WL 2474143, at *2 (dismissing a defendant under Rule 41(a)(2) despite some discovery costs because "discovery in this matter has not been so extensive as to be tantamount to plain legal prejudice that would preclude dismissal."). I further find that there has not been an excessive delay by plaintiffs in prosecuting this case, that Plaintiffs have provided a sufficient explanation for their motion, and that, since Kalvinder has not filed a counterclaim at all, there is no claim by Kalvinder in this suit that would be prejudiced by him being dismissed. *Id.* ("Plain legal prejudice, however, is more clearly shown where the defendant has filed a counterclaim

prior to the time that plaintiff has moved to dismiss[.]") (internal quotation marks omitted).

While Kalvinder Singh's cross motion for summary judgment (which he did jointly in the same motion as Sukhvinder's) is outstanding, I find that to be outweighed by the other factors here. First, this is one of the weaker factors for showing plain legal prejudice, especially in the face of factors going the other way. *Solaia Tech. LLC v. Arvinmeritor, Inc.*, 2004 WL 2203437, at *5 (N.D. Ill. 2004) (granting voluntary dismissal despite outstanding summary judgment motion); *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578,* 728 F. Supp. 1142, 1146 (D.N.J. 1990) (collecting case law and treatises and stating that "[s]ince Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice[.]") (internal quotation marks and citation omitted). Second, it is especially weak in this case as the disposition of the summary judgment motion as to Kalvinder Singh is stayed due to his own ongoing bankruptcy proceedings, which could keep this case in limbo indefinitely, or even render this proceeding moot for Kalvinder.

Accordingly, Plaintiffs' motion for voluntary dismissal [DE 60] is **GRANTED**. Kalvinder Singh is **DISMISSED WITHOUT PREJUDICE** from this case, with each party to bear its own costs and fees. The Clerk is **DIRECTED** to enter final judgment in favor of Sukhvinder Singh, pursuant to my order granting his motion for summary judgment. [DE 59.]

SO ORDERED.

ENTERED: September 20, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT